Filed 12/7/15  P. v. Shelton CA4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DEDRICK DEBROSE SHELTON,<br><br>Defendant and Appellant. | F068364<br><br>(Super. Ct. Nos. F13902009, F13902238, F13902309, F13902570, F13902781 & F13903365)<br><br>**OPINION** |

THE COURT*

APPEAL from a judgment of the Superior Court of  Fresno County.  Jonathan M. Skiles, Judge.

Rachel Lederman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Sally Espinoza, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Levy, Acting P.J., Poochigian, J. and Detjen, J.

Appellant Dedrick Debrose Shelton was found incompetent to stand trial in six different cases and committed to Atascadero State Hospital (ASH). On appeal, Shelton contends the court erred: (1) in setting his term of commitment at ASH; and (2) by its failure to calculate his conduct credit for the time he was in custody prior to being committed to the hospital. We find merit in his first contention and modify his term of commitment. In all other respects, we affirm.

## FACTS

From March 4, 2013, through April 16, 2013, the Fresno County District Attorney filed six separate complaints charging Shelton with numerous felony charges and three prior prison term enhancements.

On April 19, 2013, after a doubt arose as to Shelton's mental competence, the court suspended criminal proceedings and appointed Dr. Harold Seymour and Dr. Doriann Hughes to examine Shelton.

On August 23, 2013, the court found Shelton incompetent to stand trial, committed him to ASH, and set his maximum term of commitment at six years.

On October 23, 2013, Shelton filed a petition for a writ of habeas corpus in the Fresno County Superior Court. On December 11, 2013, this court deemed Shelton to have filed a notice of appeal.

## DISCUSSION

### Shelton's Maximum Term of Confinement

Shelton contends the court acted in excess of its jurisdiction when it committed him to ASH for six years and that his commitment order must be modified to three years, the maximum term he could be committed there pursuant to Penal Code section 1370.[1] Respondent concedes and we agree.

---

[1]     All further statutory references are to the Penal Code.

Section 1370 requires that a person found mentally incompetent to stand trial be committed to a state hospital for treatment. (§ 1370, subd. (a)(1)(B)(i).)

In 2013, when Shelton was involuntarily committed, section 1370, subdivision (c)(1) provided:

> "At the end of three years from the date of commitment or a period of commitment equal to the maximum term of imprisonment provided by law for the most serious offense charged in the information, indictment, or misdemeanor complaint, whichever is shorter, a defendant who has not recovered mental competence shall be returned to the committing court.…"

Three years was the maximum term of imprisonment for second degree burglary (§§ 461, subd. (b) & 1170, subd. (h)(1)), the most serious offense Shelton was charged with in the six complaints filed against him. Since the maximum term of imprisonment for second degree burglary equaled the maximum commitment term of three years under the statute, the court should have committed Shelton to ASH for three years and it acted in excess of its jurisdiction when it committed him there for six years.

### Shelton's Conduct Credit

In its commitment order, the court awarded Shelton 138 days custody credit for the time he spent in custody prior to being committed to ASH, but it did not award him any corresponding conduct credit. Shelton contends that a person committed to a state hospital for pretrial treatment is entitled pursuant to section 4019 to conduct credit for the time he spent in custody prior to being committed. Thus, according to Shelton, the court should have awarded him conduct credit and the matter should be remanded for the trial court to calculate his conduct credit pursuant to section 4019.[2] We disagree.

A defendant, who is confined in county jail, may be eligible for conduct credit for "all days of custody from the date of arrest to the date on which the serving of the

---

[2]     Shelton does not contend that the trial court was required to deduct his precommitment custody and conduct credit from the three-year maximum commitment term the court could impose.

3.

sentence commences, under a judgment of imprisonment[.]" (§ 4019, subd. (a)(1).)**3** This statute does not apply to Shelton's case, however, because he has not been convicted and begun serving a sentence. As noted by respondent, if he is ever convicted and sentenced, the court at that time will be able to calculate any conduct credit to which he is entitled. Accordingly, we reject his contention that the matter must be remanded to the trial court so that it may calculate his conduct credit.

## DISPOSITION

The judgment is modified to reduce Shelton's maximum term of commitment from six years to three years. The trial court is directed to prepare an amended commitment order and to forward a certified copy to the appropriate authorities. As modified, the judgment is affirmed.

---

**3** Section 4019, subdivision (a) provides: "The provisions of this section shall apply in all of the following cases: [¶] (1) When a prisoner is confined in or committed to a county jail, industrial farm, or road camp, or any city jail, industrial farm, or road camp, including all days of custody from the date of arrest to the date on which the serving of the sentence commences, under a judgment of imprisonment, or a fine and imprisonment until the fine is paid in a criminal action or proceeding."